NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICIA A. IRVING,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3188

---

Petition for review of the Merit Systems Protection Board in case no. SF0752090637-I-1.

---

Decided: January 23, 2012

---

PATRICIA A. IRVING, of Doyle, California, pro se.

DAVID S. BROOKS, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges*.

PER CURIAM.

Patricia Irving appeals from the final order of the Merit Systems Protection Board ("the Board") dismissing her petition for review and request to reopen a previously settled Board appeal as untimely and filed without due diligence. *Irving v. Dep't of the Army*, SF-0752-09-0637-I-1, 116 M.S.P.R. 482 (M.S.P.B., June 24, 2011). Because the Board correctly held that Irving's submission was an untimely petition for review and request to reopen, we affirm.

## BACKGROUND

Irving was removed from her position as a Materials Handler on April 27, 2009. She appealed that action to the Board on May 27, 2009. The agency and Irving signed a settlement agreement on July 28, 2009. That agreement provided, in part: (1) for Irving's resignation; (2) that her appeal be dismissed with prejudice; (3) that she would not seek, apply for, or accept employment at Sierra Army Depot; and (4) that the agreement was a full, final, and complete settlement. On July 30, 2009, the administrative judge ("AJ") issued an initial decision dismissing the original appeal as settled, retaining jurisdiction for enforcement. The initial decision contained a notice to Irving that the initial decision would become final on September 3, 2009, unless a petition for review was filed by that date or the Board reopened the case on its own motion.

On December 14, 2010, Irving sent the Board a letter entitled a "Petition for Enforcement" and requesting "[p]ermission to reopen [her] case." In addition, she requested reinstatement "as previously agreed" because she had obtained a driver's license. The Clerk of the Board responded on January 20, 2011 that her submission appeared to be challenging the settlement agreement

and that her filing would be considered a petition for review of that decision. While initially sent to the wrong address, the Board resent the January notice on February 2, 2011. The Clerk's response also noted that Irving's petition for review may be found untimely unless she filed a motion with a sworn statement showing that her petition was either timely or that good cause existed for the delay. Irving then filed a motion to waive the September 3, 2009 deadline, arguing that the Board sent the January 2011 acknowledgement order to the wrong address and that during a July 2009 conference the AJ agreed to transfer her to a new job once she obtained her driver's license. The Board then dismissed Irving's petition for review as untimely filed without good cause shown for the delay and failing to exercise due diligence in reopening her appeal. Irving then appealed.

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). To demonstrate on appeal that the Board abused its discretion in not waiving the filing deadline for a petition for review or in not reopening an appeal, Petitioner bears a "heavy burden." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377-78 (Fed. Cir. 2003).

Construing her pleadings liberally, Irving argues that she filed a petition for enforcement, not a petition to review or request to reopen. Alternatively, Irving notes that she did not ask the Board for an extension of time because she relied on a conference with the AJ that occurred prior to the July 2009 initial decision about the concerned transfer to another base once she received her driver's license. Below, she also argued that her December 2010 petition was untimely because she did not receive the January 2011 response at the correct address, but received the response in February 2011.

The government argues that the Board appropriately construed Irving's December 14, 2010 submission as a petition for review and request to reopen her appeal and determined that this petition and request were untimely. Specifically, the government notes that Irving's submission did not assert a breach of the terms of the settlement agreement, and the Board was therefore correct to decline to analyze it as a petition for enforcement. In addition, the government argues that Irving failed to show good cause for her delay or due diligence in seeking to reopen her appeal. We agree with the government that the Board did not err in finding that Irving's submission was a petition for review and a request to reopen untimely filed without good cause or due diligence.

Although Irving designated her letter as a petition for enforcement, she did not assert that the agency breached any of the express terms of the settlement agreement. As such, she could not be petitioning for an enforcement of that settlement agreement. Instead, she seeks to enforce a promise allegedly made by the AJ. In effect, she argues that the settlement agreement, which does not mention rehiring or transfer, is an incomplete representation of the agreement she made. This is more appropriately a petition for review and a request to reopen her appeal.

*See Hatcher v. Dep't of Justice*, 76 M.S.P.R. 97, 99 (1997) ("[A]n attack on the validity of a settlement agreement is made in the form of a petition for review of the initial decision, and not in a petition for enforcement."); *Virgil v. United States Postal Serv.*, 75 M.S.P.R. 109, 112 (1997) (noting that an attack on the validity of a settlement agreement must be made through a petition for review of the initial decision dismissing the appeal as settled); *Trotta v. United States Postal Serv.*, 73 M.S.P.R. 6, 9 (1997) (noting that determinations whether a party breached the settlement agreement are properly matters to be addressed in a petition for enforcement). As Irving requested relief outside the terms of the written settlement agreement, the Board was correct in interpreting her claim as a petition for review and a request to reopen her appeal.

There is no dispute that Irving filed her petition more than 1 year and 3 months after the September 3, 2009 deadline. Irving listed two reasons for her delay: (1) that the January 2011 response to her petition for review was sent to the wrong address; and (2) that representations by the AJ prior to the July 2009 initial decision concerning transferring jobs once she received a drivers license led her to not request an extension of time. While the Board may waive a time limit for good cause, the Board's determination that Irving failed to show such good cause was supported by substantial evidence.

Irving's reasons for the delay are immaterial to her failure to file a petition for review. First, the receipt of the January 2011 response is not connected to the filing of her earlier December 2010 petition. Second, with regard to the promise by the AJ, the settlement agreement does not mention any future employment, transfer, or driver's license requirement. On the contrary, it states that she would resign, that her appeal would be dismissed with

prejudice, and that it was a full, final, and complete settlement. *See Rumsfeld v. Freedom NY, Inc.*, 329 F.3d 1320, 1328 (Fed. Cir. 2003) (quoting *McAbee Constr., Inc. v. United States*, 97 F.3d 1431, 1434 (Fed. Cir. 1996)) (Petitioner "carries an extremely heavy burden in overcoming this attestation to the document's finality and completeness."). Irving has not shown good cause why she did not file a timely petition for review or request an extension of time for over a year. If Irving believed the settlement agreement was incomplete, she was obligated to file her petition for review on or before September 3, 2009. She did not do so. Therefore, we conclude that the Board did not abuse its discretion in dismissing her petition. Accordingly, we affirm.

## AFFIRMED

### COSTS

No costs.